### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON

**PHILLIP A. WARD,**

    **Petitioner,**

v.                                       **CIVIL ACTION NO. 3:20-CV-345**
                                                     **(CHIEF JUDGE GINA M. GROH BY**
                                                     **SPECIAL DESIGNATION)**

**DONALD F. AMES,**
**Superintendent, Mount Olive**
**Correctional Complex,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 18, 2020, Petitioner, acting pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in the Southern District of West Virginia. ECF No. 1. On October 22, 2020, the Chief Judge of the Court of Appeals for the Fourth Circuit designated the Honorable Gina M. Groh, the Chief Judge for the Northern District of West Virginia, to preside over this case. ECF No. 16.

The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

## II. FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence in State Court[1]

On May 4, 1987, the manager of a Wendy's restaurant in Huntington, West Virginia arrived at work at 5:45 a.m. and found night manager Carol Carter's car still in the parking lot, and her keys and personal items in the parking lot.  State v. Ward, 188 W.Va. 380, 382 (1991).  A Cabell County Sheriff's deputy arrived on scene and discovered blood in the kitchen of the restaurant and $1,348.09 missing from the office.  Id.  Shortly thereafter, other deputies who arrived on scene discovered Carter's body behind an adjacent store.  Id.  At the time of the murder, Petitioner was both an inmate at the Huntington Work Release Center and an employee at Wendy's.  Id.  At trial, another Wendy's employee testified that he, Petitioner and Carter were at the restaurant between 11:30 p.m. on May 3, 1987, and 12:15 a.m. on May 4, 1987, before he drove home, leaving both Petitioner and Carter there.  Id.  The evidence revealed that prior to May 4, 1987, Petitioner and his girlfriend had no money, but on that date, they paid $200.67 for an overdue utility bill, and Petitioner paid $271.00 in cash for installation of a car stereo system.  Id. at 383.  Further, the state's serology expert testified that the victim's ABO blood type and blood characteristics were consistent with a bloodstain found on a five dollar bill retrieved from Petitioner's wallet at the time of his arrest, and another dollar bill found in a knapsack in Petitioner's neighbor's trash can.  Id.

---

[1] The information in sections II.A. and II.B. is taken from the published opinion of the State of West Virginia Supreme Court of Appeals, docket number 19797, State v. Ward, 188 W.Va. 380, 424 S.E.2d 725 (1991).  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On October 20, 1987, in the Circuit Court of Cabell County, West Virginia, Petitioner was convicted by a jury of one count of murder in the first degree without a recommendation of mercy, and one count of aggravated robbery. Id. at 381. On February 25, 1988, Petitioner was sentenced to life imprisonment without the possibility of parole as a result of the murder conviction. Id.  Petitioner was not sentenced on the aggravated robbery conviction, because that offense served as the underlying felony for the state's felony-murder prosecution. Id. at n. 1.

### B.   Direct Appeal of State Conviction

Petitioner filed a direct appeal before the West Virginia Supreme Court of Appeals alleging three errors by the trial court: (1) that the trial court improperly refused Petitioner's request to call a rebuttal witness; (2) that Petitioner was denied a fair trial because the State failed to disclose exculpatory evidence; and (3) that jury voir dire was so deficient that Petitioner was denied an impartial jury. Id. at 382.  By opinion issued July 29, 1991, the Supreme Court of Appeals affirmed the judgment of the circuit court, finding that: (1) the trial court's exclusion of the rebuttal testimony did not violate Petitioner's Sixth Amendment rights [Id. at 388]; (2) there was no reversible error by the trial court related to its evidentiary rulings [Id. at 392]; and (3) there was no merit to the Petitioner's argument that voir dire was improper, and that the trial court did not abuse its discretion in conducting voir dire [Id. at 393].

### C. Prior Habeas Corpus Petitions[2]

Petitioner has instituted at least nine prior habeas corpus petitions in state and federal courts. Terry v. Ward, 240 W.Va. 63, 71, 807 S.E.2d 311 (2017) ("On April 22, 2010, Respondent Ward filed his ninth petition for habeas corpus which is the subject of the instant appeal.")

#### 1. First State Habeas Corpus Action, Filed in 1993

The first of those habeas actions, filed on December 1, 1993, was based on the holding in In re Investigation of the West Virginia State Police Crime Lab., Serology Div., 190 W.Va. 321, 438 S.E.2d 501 (1993) ("*Zain I*") (which addressed the results of a court-ordered investigation of Fred Zain, a West Virginia State Trooper who worked in the State Police Crime Lab and had a "long history of falsifying evidence in criminal prosecutions."). In that case the Supreme Court of Appeals remanded the case for proceedings consistent with *Zain I*. Terry v. Ward, 240 W.Va. 63, 67 – 68, 807 S.E.2d 311 (2017).

Thereafter, on April 22, 1994, the circuit court ordered the re-testing of any evidence disputed under *Zain I*. Id. The testing was performed by an independent medical lab, Roche Biomedical Laboratories ("Roche"), which issued a report on December 1, 1994. Id. On or about September 15, 1995, Petitioner argued he was entitled to a new trial based on the Roche lab results. Id. The circuit court held an evidentiary hearing on March 28, 1996, and by order entered on June 13, 1996, denied

---

[2] The facts from Section II.C. are taken from three separate opinions: Ward v. Trent, 19 F.Supp.2d 608 (S.D.W.Va. 1998), Ward v. Trent, 188 F.3d 505 (4th Cir. 1999), and Terry v. Ward, 240 W.Va. 63 (2107); and from the Proposed Findings and Recommendation in 3:17-CV-4605, ECF No. 21.

4

habeas relief. Id. at 69. One of the holdings of that decision is that "all or virtually all of the serology testing performed on the items of money in issue was done by either Sergeant Ted Smith or Trooper Brent Myers and Sergeant Zain's testimony at trial was consistent with those test results." Id. Further, the circuit court found that "[t]he work of experts from both labs do not contradict either the work of the CIB lab, namely Sergeant Smith or Trooper Myers, regarding the money in issue, or the testimony of Sergeant Zain relating thereto." Id. Finally, the circuit court found that even excluding the serology evidence or testimony of Sergeant Zain, "there was sufficient additional evidence to convince reasonable minds beyond a reasonable doubt of the guilt of the petitioner." Id.

### 2.  First § 2254 Petition, Filed in 1997, and Appeals Thereof

#### a.  § 2254 Petition Filed in the District Court

On November 13, 1997, Petitioner filed a § 2254 habeas corpus petition in this district in docket number, 3:97-CV-1107. Ward v. Trent, 19 F.Supp.2d 608, 612 (S.D.W.Va. 1998) aff'd in part, dismissed in part, 188 F.3d 505 (4th Cir. 1999). There Petitioner raised six claims for relief: (1) that the state failed to disclose exculpatory evidence; (2) the selection of the jury panel violated his due process and equal protection rights; (3) the trial court's decision to exclude Petitioner's uncle's testimony violated his Sixth Amendment rights; (4) that he received ineffective assistance of counsel[3]; (5) that

---

[3] The Court noted that in the state habeas claim:

"Petitioner presented several instances where he maintained that his attorney's performance fell below the objective standard of reasonableness. In particular, Petitioner argues that (1) his counsel failed to object to certain jury instructions, (2) that his attorney failed to challenge the composition of the grand jury, (3) that his attorney permitted the introduction of evidence pertaining to Petitioner's prior criminal conduct and status in a work release program, (4) that his attorney prevented Petitioner from testifying in his own defense, (5) that his attorney did not seek to exclude biased jurors during voir dire, (6) that his

his due process rights were violated by the testimony of state serologist Fred Zain; and (6) that the "newly discovered" evidence casts doubt upon the veracity of other police officers who investigated the murder. 19 F.Supp. at 609.

This court denied Petitioner's request for relief, finding that "a federal court may not grant a habeas petition for any claim that was adjudicated on the merits in state court unless the state court decision contravenes clearly established Supreme Court precedent or involves an unreasonable determination of the facts in light of the evidence presented." 19 F.Supp. at 611 (citing Carlson v. Ferguson, 993 F.Supp. 969, 973 (S.D.W.Va. 1998)).

### b. Appeal to the Fourth Circuit, Filed in 1998

Petitioner appealed this court's opinion to the Fourth Circuit, in that court's docket number 98-7267, which issued an unpublished opinion on August 23, 1999, which affirmed in part and dismissed in part Petitioner's appeal. Ward v. Trent, 188 F.3d 505 at *13 (4th Cir. 1999). The Fourth Circuit concluded:

> That the West Virginia Supreme Court of Appeals set forth the proper standards to be applied in reviewing Zain/serology claims. Regrettably, Ward's state habeas court does not appear to have applied this standard, but instead stopped at step one of the process, and determined that the remaining evidence was sufficient without ever conducting an inquiry into whether the error had any prejudicial effect on the jury. Given this error, the district court's deference to the state court's decision was arguably improper. Notwithstanding this potential error, we conclude that the district court's ultimate decision was correct.

---

attorney failed to call Petitioner's uncle as a witness and failed to inform the uncle about the sequestration order, and (7) that his counsel failed to investigate the case and prepare for trial. After hearing testimony from Petitioner's trial attorney and argument from Petitioner, the state habeas judge found that Petitioner's trial attorney rendered effective assistance of counsel." 19 F. Supp. 2d at 614.

Id. at *5.  The Fourth Circuit further addressed the contested serology evidence, finding that it was "no doubt compelling [but the other] evidence presents a clear picture of guilt beyond a reasonable doubt, and that there is no reasonable likelihood that the jury would have acquitted. . . The addition of the serology evidence serves only to remove all doubt from the issue, a burden that the state need not carry in order to convict."  Id. at *6.

### c. Petition for Certiorari in the United States Supreme Court

On April 3, 2000, the United States Supreme Court denied Petitioner's petition for certiorari, in that court's docket number 99-7177.  Ward v. Trent, 529 U.S. 1055 (2000).  The Supreme Court denied petition for rehearing on May 22, 2000.  Ward v. Trent, 529 U.S. 1145.

### 3. Second State Habeas Corpus, Filed in 2002

On April 17, 2002, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County.  Terry v. Ward, 240 W.Va. 63, 69 (2017).  As grounds for *habeas* relief, Petitioner argued he received ineffective assistance of counsel based on Fred Zain's "perjured testimony" and his trial counsel's failure to raise the issue that "Zain did not perform said serology tests"; that there was "newly discovery evidence" based on the fact that Sergeant Smith and Trooper Myers did the serology testing; and that Fred Zain testified falsely that he did the testing.  Id. at 69–70.  The State filed a Motion to Dismiss arguing that Petitioner's "newly discovered evidence" had already been presented to the Courts.  Id.  at 70.

By Order entered on November 15, 2002, the Circuit Court denied Petitioner's request for *habeas* relief finding that Petitioner failed to show (1) the existence of "newly

7

discovered evidence" and (2) that such evidence would have changed the outcome of his trial. Id.  The Circuit Court further noted that it had already "determined that the independent testing performed by Roche and CBR did not contradict the test results introduced in the original trial, but that even excluding said evidence in its entirety, that there existed sufficient additional evidence to convince reasonable minds beyond a reasonable doubt of the guilt of the Petitioner." Id.

Further, the circuit court found that Petitioner failed to show that "'newly discovered evidence' did in fact exist and that it would have changed the outcome of his trial." Id.

### 4. Third State Habeas Corpus, Filed in 2004

On July 1, 2004, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. Id. at 70.  As grounds for *habeas* relief, Petitioner argued that *habeas* counsel was ineffective in failing argue that the State knowingly presented perjured testimony by Zain. Id.  By Order entered on January 6, 2005, the circuit court denied Petitioner's *habeas* petition noting that the "Zain issue was fully and finally adjudicated after an exhaustive hearing on the merits in Civil Action No. 93-C-2557." Id.

### 5. Motion for Permission to File Second or Successive Petition Pursuant to § 2254, and Appeal to the Fourth Circuit, Filed in 2005

On August 30, 2005, Petitioner filed a motion for permission to file a petition for habeas corpus in this Court.  3:05-CV-705, ECF No. 2.  On September 2, 2005, the court ordered that the case be placed on the inactive docket pending resolution by the Fourth Circuit of the Petitioner's motion to pursue a second or successive application for relief under 28 U.S.C § 2254.  3:05-CV-705, ECF No. 6.

8

On September 7, 2005, Petitioner filed a motion for authorization to file a successive application pursuant to 28 U.S.C. § 2244. C.A. 4th Cir. 05-437, ECF No. 1. The Fourth Circuit denied Petitioner's motion to file a successive application by order issued October 3, 2005. C.A. 4th Cir. 05-437, ECF No. 10.

### 6. Fourth State Habeas Corpus, Filed in 2006

On July 6, 2006, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County requesting review under Zain III.[4] 240 W.Va. at 70. By Order entered on November 20, 2007, the Circuit Court summarily denied Petitioner's *habeas* petition requesting review under Zain III. Id.

### 7. Fifth State Habeas Corpus, Filed in 2008

On November 25, 2008, Petitioner filed another Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County. 240 W.Va. at 70. As grounds for *habeas* relief, Petitioner challenged his conviction based upon serology testing related to Zain, ineffective assistance of counsel, and a Zain III challenge. Id. By Order entered on February 10, 2009, the Circuit Court denied Petitioner's *habeas* petition. Id. Specifically, the Circuit Court determined that: (1) in a prior order, the Court had made "extensive findings of fact and law with reference to each and every ground raised by Petitioner;" (2) Petitioner was represented by "highly qualified, trial experienced, capable attorneys;" (3)

---

[4] On June 16, 2006, the West Virginia Supreme Court of Appeals determined that a special *habeas corpus* proceeding should be provided to State prisoners against whom serologists, other than Trooper Fred Zain, had offered evidence. *In the Matter of Renewed Investigation of State Police Crime Laboratory, Serology Div.*, 219 W.Va. 408, 633 S.Ed.2d 762 (2006) ("*Zain III*"). Specifically, the West Virginia Supreme Court held that "a prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. Id. at 769.

9

two independent laboratories re-examined the DNA evidence and "[e]rror could not be shown to exist sufficient to raise a doubt as to its reliability;" and (4) even without considering the serology evidence, "there remained more than enough evidence to convince a jury of the defendant's guilt." Id. Petitioner filed a petition for appeal, but the West Virginia Supreme Court of Appeals refused his petition. Id.

### 8. Sixth State Habeas Corpus, Filed in 2010

On April 22, 2010, Petitioner filed another petition for habeas corpus, which served as the basis for Terry v. Ward, 240 W. Va. 63. There, Petitioner again alleged that Fred Zain "offered 'prejudicially tainted and misleading trial testimony, based on evidence developed by other serologists at the laboratory' and because of this he was entitled to a *Zain III* hearing." Id. at 71.

On October 30, 2015, the circuit court conducted an evidentiary hearing wherein it heard testimony from three experts, "all of whom handled the serology" in Petitioner's case. Id. The issue raised was based on the Roche report issued on December 1, 1994, which was the same report which was the subject of the 1996 habeas proceeding. Id. By order entered September 29, 2016, the circuit court granted habeas relief, vacating his underlying conviction, and ordering a new trial. Id. at 72. The State appealed to the Supreme Court of Appeals, which on November 17, 2017, reversed the decision of the circuit court and remanded the case for reinstatement of Petitioner's conviction and sentence. Id. at 75.

### 9. Federal Habeas Corpus Action Filed in 2017

On December 20, 2017, Petitioner filed a § 2254 petition for habeas corpus in this district. 3:17-CV-4605, ECF No. 2. The magistrate judge issued Proposed Findings and Recommendations on August 3, 2018, which recommended that the petition be dismissed as successive. 3:17-CV-4605, ECF No. 21.

The District Court adopted the Proposed Findings and Recommendations of the magistrate judge and dismissed the petition for lack of jurisdiction on November 9, 2018. 3:17-CV-4605, ECF No. 31.

### D. Instant Federal Habeas Corpus Petition

Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on May 18, 2020, and supplemented his claim on June 16, 2020. ECF Nos. 1, 12. The petition was a three-page typewritten document[5] which alleged the following grounds for relief:

> 1. That he is unable to obtain a fair hearing before the judges of the Southern District of West Virginia, and that the Clerk of the Southern District has influenced the judges of the district to deny his requested relief [ECF No. 1 at 1]; and
>
> 2. That his Sixth Amendment right to cross examine witnesses was violated because his defense counsel was only able to cross examine Trooper

---

[5] Attached to the petition is an undated editorial from *The Charleston Gazette* which addresses Trooper Zain.

Zain, instead of the serologists who allegedly performed the forensic testing [Id. at 1 – 3].

The supplement asserts the following additional claims:

3. That the Clerk for the Southern District of West Virginia has improperly influenced the judiciary to impact Petitioner's case [ECF No. 12 at 1];

4. That Petitioner's rights under the Confrontation Clause were violated [Id. at 1 – 3];

5. That the prosecutor's comments during closing argument violated Petitioner's right to the presumption of innocence and constituted prosecutorial misconduct [Id. at 3 – 4]; and

6. That Petitioner received ineffective assistance of counsel at trial [Id. at 4].

### III.  LEGAL STANDARD

**A.    Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Second or Successive Petitions Under 28 U.S.C. § 2244

Title 28 U.S.C. § 2244(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal courts to entertain a petition for habeas corpus relief from a prisoner, but limits such actions, "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." The statute further mandates that second or successive habeas corpus claims shall be dismissed if the claim raised therein "was presented in a prior application. 28 U.S.C. § 2244(b)(1). Additionally:

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Although Petitioner may pursue second or successive claims under these limited circumstances, prior to filing such an action, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28

13

U.S.C. § 2244 (3)(A). The statute directs that the three-judge panel which considers such applications, "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. §§ 2244(b)(3)(B), 2244(b)(3)(C).

Even after being granted authorization to file a second or successive petition, Petitioners are required to demonstrate that such a claim "satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). Should a Petitioner fail to do so, district courts are directed to dismiss the claim. Id.

### C. Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

14

28 U.S.C. § 2254(d)(1) and (2). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA. DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted). Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

## IV. ANALYSIS

This action is clearly a second or successive § 2254 petition. Petitioner has failed to seek or obtain authorization from the Court of Appeals to pursue this action, as required by 28 U.S.C. § 2244 (3)(A). Accordingly, this court is without jurisdiction to consider the petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

Moreover, even if the Court were to consider the substance of the petition, none of Petitioner's six claims merit relief pursuant to § 2244. Petitioner seeks the writ habeas corpus herein upon six grounds. Three of those grounds—that his Sixth Amendment rights to cross examination were violated, that his Sixth Amendment rights under the Confrontation Clause were violated, and that he received ineffective assistance of counsel—have previously been raised and decided in this Court. In 3:19-CV-1107, this Court denied Petitioner's claims that his Sixth Amendment rights were violated and that he received ineffective assistance of counsel. 19 F.Supp. 608. Accordingly, Petitioner is not, under the plain language of the statute, entitled to relief under 28 U.S.C. § 2254(d) as to those three claims.

As to Petitioner's other three claims—that he unable to obtain a fair hearing, that the Clerk of Court has influenced the judiciary to impact his case, and that there was prosecutorial misconduct at his trial—Petitioner has not shown that any of those

claims rely on a new rule of constitutional law, which has been made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, as is required by § 2244(b)(2)(A). Alternatively, Petitioner has failed to show as required by § 2244(b)(2)(B) that (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Because Petitioner has not met any of those standards, even if this Court were to consider the matter on the merits, Petitioner is not entitled to relief.

## V. RECOMMENDATION

Based upon a review of the record, this Court **RECOMMENDS** that the District Court enter an Order which **DENIES WITHOUT PREJUDICE** Petitioner's § 2254 Petition for habeas corpus [ECF No. 1], which should thereafter be dismissed from the docket.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable.

DATED:   February 1, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

18