IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**PHILLIP A. WARD,**

       **Petitioner,**

v.                                   **CIVIL ACTION NO.: 3:20-CV-345**
                                               **(GROH, C.J. by special designation)**

**DONALD F. AMES,**
**Superintendent, Mount Olive**
**Correctional Complex,**

       **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on February 1, 2021. ECF No. 21. Pursuant to the Southern District's Standing Order [ECF No. 4] and the Chief Judge of the Fourth Circuit's Designation [ECF No. 16], the Undersigned was assigned this civil action on October 22, 2020. This action was subsequently referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition without prejudice. The Petitioner timely filed his objections to the R&R on February 12, 2020. ECF No. 23. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On May 18, 2020, Phillip A. Ward ("Petitioner"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 16, 2020, the Petitioner filed what this Court construes as a supplement to his Petition. ECF No. 12. A review of the Petition

and supplement reveal that the Petitioner alleges six grounds for relief. More particularly, the Petitioner asserts that 1) the Clerk of Court for the Southern District has impeded the Petitioner's access to the Court; 2) his Sixth Amendment right to cross examine witnesses was violated; 3) the Clerk of Court for the Southern District has improperly influenced the judiciary to Petitioner's detriment; 4) his rights under the Confrontation Clause were violated; 5) the prosecuting attorney's comments during closing arguments violated Petitioner's right to the presumption of innocence and constituted prosecutorial misconduct; and 6) he received ineffective assistance of counsel at trial. See ECF Nos. 1 & 12. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also

prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R.

Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R.  The objections fail to address the magistrate judge's conclusion that this Court lacks jurisdiction 28 U.S.C. § 2244(3)(A) because Petitioner filed a second or successive § 2254 petition and failed to seek or obtain authorization from the Court of Appeals to pursue this action.

Moreover, the Petitioner fails to address the magistrate judge's alternate conclusion that if this Court had jurisdiction, the claims fail as a matter of law.  Nothing presented in the Petitioner's objections addresses these conclusions, much less presents new or material facts or legal arguments.  Therefore, the Court finds that *de novo* review is not required because the Petitioner's objections make no new legal arguments and the factual presentation was properly considered by the magistrate judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Thus, the

Petitioner's Petition is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is further **DIRECTED** to transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected upon the docket sheet.

**DATED:** March 31, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE